Henderson J.
delivered the opinion of the Court:
As the law is silent in the case of a prosecution removed from one county to another, in respect to the county entitled to the fine which may be imposed, we must have recourse to reason and construction, in order to decide the question. No doubt, the fines were given to the county to defray the expences of those prosecutions, to which it was made liable, in certain cases of acquittal. If that should be correct, it follows, that the county which would have been chargeable, in case of an acquittal, is entitled to the fine on conviction; and that, we think, is the county where the offence was committed, and in which the prosecution was commenced. Policy, as well as justice, seems to dictate this Policy, because it will make it the interest of a county to suppress offences; and justice, because those who originate a groundless prosecution, ought to bear the costs. *106 The circumstance of the cause being removed to another county cannot destroy that liability.
We are, therefore, of opinion, that as the county of Wilkes, where the prosecution was commenced, would have been subject to the payment of the costs of prosecution, if the defendant had been acquitted, it should have the fine imposed on his conviction.